## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES THOMAS, SR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-1795** |
| **ROBERT TANNER, WARDEN** | * | **SECTION: "R"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, James Thomas, Sr., is a state prisoner incarcerated in the Rayburn Correctional Center in Angie, Louisiana, where he is serving a twenty year sentence[1], having been convicted on February 23rd, 2005, after a plea of guilty to one count of driving while intoxicated, fourth offense and one count of driving while his license was suspended.[2] Petitioner claims that: 1) he was denied access to the courts when he was housed in a maximum security lock-down in West Carroll Detention Center; 2) his attorney was ineffective when he failed to prepare for trial or challenge the predicate offenses used to enhance his charged offense; 3) the conviction was obtained by the use of unconstitutional predicate offenses; 4) he was incompetent at the time he pled guilty; 5) the trial judge coerced his guilty plea; 6) the time limitations for bringing the charges against him were expired and counsel was ineffective in failing to object to the untimely prosecution; 7) the conviction was obtained through ineffective assistance of counsel, a claim which had to be twice raised in the state courts albeit on different grounds; 8) the trial court erroneously denied petitioner's third post-conviction application as time-barred without considering the exceptions under La. C.Cr. P. art. 930.8(A); and, 9) the Louisiana Court of Appeal, Fifth

---

[1]The twenty year sentence was given for the conviction of fourth offense DWI, with three years to be served without benefit of parole, probation or suspension of sentence. Thomas also was sentenced to serve 7 days, to run consecutive to his twenty year sentence, for the conviction on driving with a suspended license. See Transcript of February 23, 2005 proceedings, State Rec. vol. 1 at p. 26.

[2]See Minute Entry dated 2/23/05, State Rec. vol. 1.

Circuit abused its authority and denied petitioner due process and equal protection in its review of petitioner's claims.[3]  The State responds that petitioner is untimely in bringing his federal habeas petition and, alternatively, has not exhausted his state remedies with regard to all of his claims.[4]

For the following reasons, the court agrees with the State that Thomas' federal habeas petition is time-barred from federal review.

## **Procedural History**

On February 23, 2005, petitioner pled guilty to one count of driving while intoxicated, fourth offense (a violation of La.R.S. 14:98.E) and one count of driving with a suspended license (a violation of La.R.S. 32:415), and was sentenced as noted above. The convictions and sentences were obtained in Case No. 02-1343, Division "N", on the docket of the Twenty-Fourth Judicial District Court, Parish of Jefferson, Louisiana.

Petitioner took no appeal, but instead filed several Uniform Applications for Post-Conviction Relief (PCR) in the state courts.  His first PCR was filed on April 12, 2005, and was denied by the trial court on April 15, 2005.[5]  Petitioner sought review of this ruling by filing, on May 19, 2005, a supervisory writ with the Louisiana Court of Appeal, Fifth Circuit

---

[3]Rec. Doc. 1 at pp. 4-6. Petitioner has also amended his petition to include reasons for the untimeliness of his federal application, which the court construes as arguments for equitable tolling of the statute of limitations. (Rec. Docs. 8 and 10).

[4]Rec. Doc. 18.

[5]State Rec. vol. 1 contains a copy of the April 15, 2005 ruling.

who denied the application on May 24, 2005.[6] No review was sought before the Louisiana Supreme Court.

On August 10, 2006, Thomas filed his second application for post-conviction relief, which was denied by the trial court on August 17, 2006.[7] On January 5, 2007, petitioner filed for supervisory review of this decision with the Louisiana Court of Appeal, Fifth Circuit, said court finding no error in the trial court's ruling.[8] No further review was sought.

On April 9, 2007, Thomas signed and dated his third PCR, entitled a "motion to correct illegal sentence", which was filed with the state district court on April 17, 2007.[9] The motion/PCR was denied by the trial court as procedurally time-barred. This ruling was appealed to the Louisiana Court of Appeal, Fifth Circuit, on or about June 28, 2007 and that court denied relief on July 26, 2007, finding no error in the trial court's ruling.[10] A request

---

[6]The appellate court found no error in the trial court's ruling. See State Rec. vol. 1 for a copy of this May 24, 2005 ruling in Writ No. 05-541.

[7]State Rec. vol. 2 contains a copy of the August 17, 2006 ruling. The trial court found claims 1-3 raised therein to be procedurally barred as successive and claims 4 and 5 to be denied as repetitive.

[8]State Rec. vol. 2 for a copy of the January 10, 2007 ruling in Writ No. 07-KH-10.

[9]The State indicated, in its response, that petitioner's third PCR was one filed on February 7, 2007 and denied on May 9, 2007. The State, however, is in error. The pleading which was referenced by the State is in fact a post-conviction pleading filed for a defendant named David Thurston. The pleading was apparently misfiled into petitioner Thomas' state court record. See State Rec. vol. 2, for a copy of this pleading.

[10]Writ No. 07-KH-486, a copy of which can be found in State Rec. vol. 2. The court also ruled that the motion to correct illegal sentence was not a proper vehicle for review of petitioner's sentence since there was no illegal term in his sentence. Petitioner was limited to

for review of this decision to the Louisiana Supreme Court was metered on August 28, 2007, with a supplement filed with the court on January 7, 2008. On September 19, 2008, the Louisiana Supreme Court denied that application as untimely. *State ex rel. James Thomas, Sr. v. State*, 992 So.2d 945 (La. 2008)(07-KH-2394).[11]

On July 14, 2008, Thomas filed a writ application, Writ 08-KH-2280, with the Louisiana Supreme Court, in light of that court's ruling in *State v. Cordero*, 993 So.2d 203 (La. 2008).[12]  On October 10, 2008, the Louisiana Supreme Court transferred Thomas' application to the Louisiana Court of Appeal, Fifth Circuit for reconsideration.[13]  Thomas also filed Writ No. 08-WR-890 with the Fifth Circuit, on October 18, 2008, requesting reconsideration of his prior pro se writ applications.  On April 8, 2009, the Louisiana Court of Appeal, Fifth Circuit granted reconsideration but denied relief.[14]  A subsequent appeal to

---

bringing an action under post-conviction rules and, the court found,  was time-barred by those rules.

[11]A copy of this decision can be found in State Rec. vol. 2.

[12]The *Cordero* court addressed alleged procedural improprieties in the judicial review of *pro se* post-conviction writ applications filed in the Louisiana Court of Appeal, Fifth Circuit ("Fifth Circuit") over the time period of February 8, 1994 through May 21, 2007.  In *Cordero*, the Louisiana Supreme Court directed that writs filed with the Fifth Circuit during that time period be transferred to the Fifth Circuit for reconsideration. *Cordero*, 993 So.2d at 204-205.

[13]*State ex rel. Thomas v. State*, 993 So.2d 1258 (La. 2008).

[14]See *State ex rel. Thomas v. State*, Writ No. 08-890(La. 4/08/09)(unpublished), a copy of ruling is located in State Rec. vol. 2.

5

the Louisiana Supreme Court was unsuccessful, with that court denying relief on April 9, 2010.[15]

Finally, petitioner filed the instant federal habeas petition in this court on or about June 5, 2010.[16] The petition was supplemented on July 14, 2010 and the State filed a response to the petition on October 12, 2010. (Rec. Docs. 10, 18). In its response, the State argues that Thomas' federal habeas application is both time-barred and subject to dismissal for failure to exhaust state court remedies.

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See*

---

[15]*State ex rel. Thomas*, 31 So.3d 379 (La. 2010).

[16]The court gives petitioner the benefit of the date he signed and dated his federal habeas application rather than the date it was actually filed in this court, pursuant to the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

28 U.S.C. § 2244(d)(1)(A) (West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, Thomas' conviction became final, for federal limitations purposes, on March 25, 2005, after the 30 days had passed for the taking of an appeal and Thomas could no longer seek review of the trial court's sentencing decision with the state appellate court. See La. C.Cr. P. art.914.  Accordingly, the court finds that Thomas' one year limitation period commenced to run on March 26, 2005.  Under a plain reading of the statute, Thomas then had one year within which to file his federal habeas petition, or a deadline of March 27, 2006.[17]  Thomas did not file his federal habeas petition with this court until June 5, 2010.[18] Thus, his challenge to his 2005 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Thomas filed his first state post-conviction application on April 12, 2005, allowing a lapse of only 17 days of the one year limitation period. Thomas' PCR remained pending and therefore tolled the limitation

---

[17]Since the one year deadline fell on a Sunday, petitioner's habeas application should have been filed on Monday, March 27, 2006.

[18]Although the state incorrectly reported that the petition was filed on March 2, 2004 on page 6 of its response, that date was corrected on page 7 of the same response.

period until 30 days after the Louisiana Court of Appeal, Fifth Circuit, denied relief on May 19, 2005, or on June 20, 2005.[19] On June 21, 2005, Thomas' limitations period again began to run, and he allowed 415 additional days to expire before he filed his second PCR on August 10, 2006. Since a total of 432 days had lapsed, petitioner's one year limitation period had run[20] thus making his federal petition time-barred unless petitioner is entitled to equitable tolling.

The Supreme Court recently stated, consistent with U.S. Fifth Circuit precedent, that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ––– U.S. –––, –––, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010). In doing so, it adopted the established standard for determining whether equitable tolling applies: "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). See also, *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

---

[19]Again, the 30 day deadline expired on a Sunday thus petitioner was given until Monday, June 20, 2005 to file for review in the state courts.

[20]The one year limitation period actually expired on Jun 5th, 2006.

extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Id.* Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Philips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). What constitutes an "extraordinary circumstance" necessarily involves a "fact-intensive" inquiry. *Holland*, 130 S.Ct at 2565.

In this instance, Thomas has filed an "Amendment to Petition" (Rec. Doc. 10), in which he sets forth his arguments for equitable and statutory tolling.[21]  First, Thomas indicates that the state created an "impediment" which prohibited him from timely filing his federal petition in that he was denied "access to the courts". Thomas reports that, the day after his guilty plea, on February 24, 2005, he was transferred to Lafourche Parish Detention Center then transferred again the next day to West Carroll Detention Center, where he was placed on maximum security lock-down and denied access to the law library.  Thomas has provided no specificity, however,  regarding the lack of legal access and the steps he took to diligently pursue his claims. Thomas must provide the court with more than conclusory allegations or claims that access to a law library was inadequate.  See *Krause v. Thaler*, 637

---

[21]It is often unclear just what type of tolling petitioner is arguing should be applied so the court has attempted to construe his arguments liberally.

F.3d 558, 561 (5th Cir. 2011)(Petitioner who failed to allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas application not entitled to equitable tolling).  "[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); see also *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Rather, he must also show that the lack of adequate legal materials actually prevented him from timely filing his habeas petition. See *Felder v. Johnson*, 204 F.3d 168,171 n. 9 (5th Cir.2000).

Thomas provides no details to this court regarding how long he was allegedly in lock-down.  However, since Thomas' first PCR was filed on April 12, 2005, a little over 2 months from the date of his guilty plea and only 17 days into his one year federal limitations period, the court finds no evidence that he was prevented from asserting his legal claims due to the lack of access or the lock-down situation, at least not for length of time that would excuse his late filing. Thomas' unsupported claim that he was unable to obtain access to a law library due to being held in a lock-down facility for such a short period of time, without more, is insufficient to establish that equitable or statutory tolling is warranted.

Next Thomas claims that he was stymied in his attempts to obtain his *Boykin* transcript (guilty plea transcript) until June 6, 2006, and that the lack of said transcripts prevented him from filing his federal habeas application in a timely fashion. Thomas, however, was physically present during the guilty plea and sentencing proceeding which he seeks to challenge. This court must focus on when Thomas was knowledgeable about the factual basis of his claims rather than concern itself with when all the evidence needed to support the claims was made available to Thomas. See *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998)(Habeas petitioner not entitled to tolling while he gathers "every possible scrap of evidence" that might support claim ); *Boyd v. Ward*, 2001 WL 533221 (E.D. La. May 15, 2001) (Where petitioner was present during the guilty plea and sentencing, his legal claim of double jeopardy could have been advanced without *Boykin* and sentencing transcripts); *Brisbon v. Cain*, 2000 WL 45872 (E.D. La. Jan. 2000)(Civ. No. 99-3078)(No equitable tolling due to lack of transcripts where petitioner was present in open court when he pled guilty and was sentenced). See also, *Myers v. Cain*, 85 Fed. Appx. 716 (5th Cir. 2002)(per curiam)(unpublished)[Gathering evidence to support a state habeas claim is not an exceptional circumstance worthy of equitable tolling, particularly where the claim was not diligently pursued. Equitable tolling for such a reason would "characterize as 'rare and exceptional' those circumstances that countless other prisoners could claim as their own." (citing *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000), *cert. denied*, 531 U.S. 1035, 121

S.Ct. 622, 148 L.Ed.2d 532 (2000)]. Thomas fails to show that the lack of transcripts was an obstacle which prevented him from timely being able to file his federal petition as he makes no showing that any of the claims which he seeks to raise in this court could not have been raised without the missing transcripts.[22]

Finally, Thomas avers that he is entitled to equitable or statutory tolling as he was prevented from timely filing his federal habeas application due to the transfer of his case for reconsideration pursuant *State v. Cordero*, 993 So.2d 203  (La. 2008). Petitioner specifically asserts that, without the *Cordero* review, his claims were not "exhausted" until April 9, 2010, when reconsideration was denied by the Louisiana Supreme Court in *State ex rel. Thomas*, 31 So.3d 379 (La. 2010). Thomas also contends that the Louisiana Court of Appeal, Fifth Circuit's improper review of his *pro se* post-conviction writs, which prompted

---

[22]The court notes that Thomas' first claim that he was denied access to the courts is not proper for habeas review other than as it has been discussed relative to a claim for equitable tolling. Such a claim does not challenge the validity of Thomas' conviction or his sentence. His second and third claims all relate to the validity of the predicate offenses used to enhance Thomas' convictions, offenses of which Thomas was well aware. His fourth claim pertains to his assertion of his own incompetence at the rendering of his guilty plea, and his fifth claim charges coercion of his guilty plea by the trial judge. Both of these claims arise from circumstances of which Thomas would personally be aware and would not need the aid of the guilty plea transcript to advance. His sixth and seventh claims pertain to alleged ineffective assistance of counsel, neither one of which would require a transcript in order to factually advance said arguments. Petitioner's eighth and ninth claims attack state procedural errors allegedly made by the state courts, neither one of which would raise a Constitutional challenge cognizable on federal habeas review.  *See Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 861 (2011) (federal habeas review does not lie for errors of state law)*; Estelle v. McGuire*, 502 U.S.  62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." )

the reconsideration under *Cordero*, acted as a "state created impediment" which should entitle him to tolling of the federal one year prescriptive period. He thus seeks to have the federal limitations period commence on April 10, 2010, making his federal habeas petition timely as long as it was filed by no later than April 10, 2011. Under this theory, his federal petition, filed on June 5th, 2010, would be considered timely filed.

The U.S. Fifth Circuit has not addressed the issue of whether a state prisoner, who has been granted *Cordero* review by the Louisiana Supreme Court, should be entitled to either equitable or statutory tolling of the federal one year limitations period based upon such review. Nor has the U.S. Fifth Circuit addressed the issue of whether a claim brought in a federal habeas petition should be considered exhausted prior to that claim being reconsidered by the state courts in light of *Cordero*.

Insofar as Thomas is arguing for statutory tolling under 28 U.S.C. 2244(d)(1), a flaw in Thomas' reasoning is that, even if tolling were applied for the time when the state court's were conducting their *Cordero* review, the AEDPA's tolling provision would not "reset" the date from which the one year limitations period begins to run.  28 U.S.C. §2244(d)(2) does not create a new, full, one year term within which a federal habeas petition may be filed at the conclusion of state post-conviction proceedings. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).[23]  See also, *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd

_____

[23]§2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

13

Cir. 2000)(Proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run).  Thomas would only get tolling time for the time that such review was actually conducted, i.e., from his July 14, 2008 filing with the Louisiana Supreme Court (which resulted in his case being transferred to the Louisiana Court of Appeal, Fifth Circuit) until the Louisiana Supreme Court completed its review of the Fifth Circuit's decision on April 9, 2010.  Thomas' federal limitations period actually expired on Jun 5th, 2006, thus the July 14, 2008 *Cordero* filing would be too late to toll the limitations period.

      Moreover, to the extent Thomas argues that he couldn't have filed his federal petition sooner as it would have been deemed "unexhausted", thus his one year limitations period should not commence until *Cordero* review was completed, such a claim does not comport with the federal requirement of exhaustion of state court remedies. According to 28 U.S.C. § 2254(b)(1)(A), an applicant for federal habeas corpus relief must have first exhausted his available state remedies.  A federal habeas petition must be dismissed if any issue raised has not been exhausted in state courts.  28 U.S.C. § 2254(b) and (c); *Rose v. Lundy*, 102 S.Ct. 1198 (1982); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).  But what the exhaustion doctrine requires is that state courts

---

pending *shall not be counted toward any period of limitation* under this section." (emphasis added).

be given the initial *opportunity* to address, and if necessary, correct alleged deprivations of federal constitutional rights. 28 U.S.C. § 2254(b)(1)(A); *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989). See also, *Duncan v. Walker*, 533 U.S. 167, 179, 121 S.Ct. 2120, 2128, 150 L.Ed.2d 167 (2001).("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.");  See also, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed.2d 1 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, *the state courts should have the first opportunity* to review this claim and provide any necessary relief.")  Although one would hope that the state court's review of post-conviction claims would be thorough and complete, the adequacy of that review is not a requirement for exhaustion to have occurred. Only an *opportunity* for the state courts to review the claim is required.

Thomas gave the state courts the *opportunity* to review his claims when he filed a series of post-conviction applications with the state courts, the first of which was filed with the trial court on  April 12, 2005. After the Louisiana Court of Appeal, Fifth Circuit's review of this decision was made on  January 5, 2007, Thomas then had an *opportunity* to present his post-conviction claims to the highest state court but failed to do so.  Had he completed

this review process, all claims raised in his first post-conviction application would have been deemed exhausted by this court.

In his second attempt at post-conviction review, Thomas filed a PCR with the trial court on August 10, 2006. The Louisiana Court of Appeal, Fifth Circuit was given a second *opportunity* to review Thomas' claims and denied relief on January 10, 2007. Thomas again had an *opportunity* to present his claims to the Louisiana Supreme Court, but he failed to do so. Had he sought such review, federal exhaustion requirements would have been satisfied.

On Thomas' third attempt at post-conviction relief, he finally sought review at all three tiers of state courts, including the highest state court.  The Louisiana Supreme Court, however, denied Thomas' PCR on September 19, 2008, due to his failure to comply with the time requirements of state law, under La. C.Cr. P. art. 930.8. Although his claims were now in a procedurally defaulted status (which can also bar federal habeas review[24]), this court would have found that he had satisfied the review process for exhaustion purposes.[25]

---

[24]When the state court has relied on an independent and adequate state procedural rule in denying relief, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 748-50, 111 S.Ct. 2546, 2564-65, 115 L.Ed.2d 640 (1991); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th  Cir. 1999).

[25]A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him. See 28 U.S.C. § 2254(b); *Coleman v. Thompson,* 501 U.S. at 732, 111 S.Ct. at 2555, *citing Engle v. Isaac*, 456 U.S. 107, 125-126, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783 (1982).

His procedural default of his claims, however, would be attributable to his own failure to timely and properly seek post-conviction review in the state courts.[26] His right to federal habeas review, however, would not have been influenced at all by whether *Cordero* review was still available to him. Thomas establishes no right to equitable tolling based upon a theory that he could not have exhausted his claims prior to *Cordero* review.

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Coleman*, 184 F.3d at 403. It goes without saying that " 'equity is not intended for those who sleep on their rights' ". *Id*. (quoting Fisher v. Johnson, 174 F.3d 710, 713 n. 11 (5th Cir. 1999). A thorough review of Thomas' procedural history shows that he did, in fact, sleep on his rights. Thomas squandered two opportunities to seek review before the Louisiana Supreme Court and thus exhaust his post-conviction claims. He also waited 415 days from the denial of his first state post-conviction application to file his second post-conviction application in the state courts. This long delay in protecting his rights occurred well before he would have even discovered that *Cordero* review would occur. Thus, it cannot be said that he believed he would be entitled to *Cordero* review and therefore also concluded that he had to wait for such review to occur before he could file his habeas application in federal court. Petitioner's federal petition is time-barred based upon his own

---

[26]The state argues that petitioner's claim are unexhausted because they were untimely by the time they were raised before the Louisiana Supreme Court. However, this would bar the claims from federal review based upon the procedural default doctrine noted in footnote 25, herein, rather than be based upon a lack of exhaustion.

lack of diligence in protecting his rights and equitable tolling should not be applied to such a case.

Petitioner also argues that he was prevented from filing for federal habeas review earlier by a "state-created impediment"; i.e., the necessity of *Cordero* review in order to exhaust. However, the court notes that other petitioners, who have had their petitions transferred to the state appellate court in light of the Louisiana Supreme Court's ruling in *Cordero*, did not find such an impediment as they have already obtained federal habeas review. Although the court has not conducted an exhaustive review, the following named petitioners, whose state applications were transferred to the Louisiana Court of Appeal, Fifth Circuit for *Cordero* review, obtained federal habeas review without impediment: Leo Pineyro (Civil Action 02-0626 "H"); Antoinette Holmes (Civil Action 02-1509 "K"); Zannie Neal (Civil Action 06-8714 "A"); Jimmie Sprinkle (Civil Action 05-0298 "B"); Jimmie Level Jr. (Civil Action 02-0967 "B"); Derrick Estes (Civil Ation 06-10867 "J"); Johnny Luna (Civil Action 03-3237 "M"); Payton Funchess, (Civil Action 08-5136 "A"); Thaddeus Johnson (Civil Action 05-3668 "A"); James Odoms (Civil Action 06-3059 "E"); Donald Muse, (Civil Action 03-2551 "H"); Anthony Diggs (Civil Action 01-1243 "L");  Donald Hensley (Civil Action 07-1423 B"); Gregory Leeming (Civil Action 98-3053 "T"); and, Chris Gilkers (Civil Action 05-0841 "K").  Under Thomas' theory, the federal habeas review already conducted in these cases would be invalid or would have at least occurred in violation of federal

18

exhaustion policy.  Yet the court could find no evidence that any of these petitioners have been entitled to another attempt at federal habeas review due to the procedural irregularities which occurred in the Louisiana Court of Appeal, Fifth Circuit's review of their state *pro se* writ applications. Like these named petitioner's, Thomas could have earlier sought federal habeas review in this court without any impediment to such a filing.

Additionally, even if the improper review which Thomas received at the state appellate level may be considered a "state-created impediment", as that term is used under 28 U.S.C. §2244(d)(1)(B),[27] the "impediment" asserted does not implicate a "violation of the Constitution or laws of the United States".  The procedural irregularities which petitioner complains of which occurred in the Louisiana Court of Appeal, Fifth Circuit involve violations of *state* procedural law, not federal constitutional rights or federal law.[28] Thus Thomas cannot establish that he is entitled to tolling under the exception set forth in §2244(d)(1)(B).

The court recognizes that one of Thomas' claims specifically focuses on the *Cordero* issue itself:  In claim 9, petitioner argues that the Louisiana Court of Appeal, Fifth

---

[27]Petitioner's argument for an exception to the general rule that the one year federal limitations period begins to run when his state conviction is final arises out of the language of 28 U.S.C. §2244(d)(1)(B), which provides that the one year limitations period may commence from "the date on which the impediment to filing an application created by State action *in violation of the Constitution or laws of the United States* is removed, if the applicant was prevented from filing by such State action." (Emphasis added).

[28]See *Cordero* discussion at footnote 12, herein.

Circuit, abused its authority and denied him due process and equal protection in its review of his state post-conviction claims.  Although it could be argued that the facts of such a claim could not have been discovered previously[29] through the "exercise of due diligence", this court is unwilling to find that such a claim would now entitle Thomas to an exception to the general one year limitations rule under §2244(d)(1)(D).[30]  To allow such an exception would be a travesty as it would entitle Thomas to federal habeas review of all 9 of his claims (8 of which are otherwise time-barred) even though the 9th claim itself is not even cognizable by a federal habeas court. As earlier explained, see footnote 22 of this Report and Recommendation, federal habeas review is limited to reviewing whether a state prisoner is being held "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. §2241(c)(3).  Federal habeas review does not lie for errors in the application of state law. *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. at 861*; Estelle v. McGuire*, 502 U.S. at 67-68).

          Finally, as previously acknowledged, the U.S. Fifth Circuit has not ruled on the issues raised by petitioner relative to *Cordero* review requiring an extension of his one year

---

[29]The term "previously" in this situation referring to the facts not known by petitioner prior to the discovery that state post-conviction procedural rules had not been complied with by the Louisiana Fifth Circuit.

[30]§2244(d)(1)(D) provides that the one year federal limitations period would begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

federal limitations period. The only court which has referenced tolling relative to *State v. Cordero*, 993 So.2d 203 (La. 2008) is the case of *Harris v. Cain*, 2011 WL 2690161. The Magistrate Judge had indicated, in an earlier Report & Recommendation, that tolling in light of *Cordero* might be appropriate. However, the Magistrate also noted that Harris would be untimely even if he was given tolling time for the time his post-conviction claims were being re-reviewed in compliance with *Cordero*, and thus recommended that Harris' petition be denied as untimely. The district judge, ruling on objections to the Report and Recommendation, acknowledged the Magistrate Judge's comment but ultimately determined that Harris was time-barred regardless because even if Harris' limitations period was tolled due to *Cordero*,[31] petitioner's federal habeas would still be untimely. Therefore, this court gives no deference to the dicta as discussed in *Harris* regarding *Cordero* tolling.

Based upon the analysis above, the court finds no basis for applying either equitable or additional statutory tolling[32] to petitioner's federal habeas application. As such, IT IS HEREBY RECOMMENDED that Thomas' federal habeas petition be denied as time-barred.

---

[31]The district judge indicated that tolling, if applicable, would be from the date the district court denied relief on Harris' initial post-conviction claims until the time the Louisiana Supreme Court denied relief after review of the Louisiana Fifth Circuit's post-*Cordero* reconsideration of petitioner's claims.

[32]Appropriate statutory tolling was conducted, however, see page 8 of this Report and Recommendation, for the time that petitioner had his first state post-conviction application properly pending in the state courts.

**RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by James Thomas, Sr., be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [33]

New Orleans, Louisiana, this 23rd day of August, 2011.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[33]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §  636(b)(1) was amended to extend that period to fourteen days.